```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOHN COVINGTON

                        Petitioner,

    -against-                              **MEMORANDUM AND ORDER**
                                           02-CV-5589 (FB)
DANIEL A. SENKOWSKI,

                        Respondent.
-------------------------------------------------x
```

*Appearances:*

| For the Petitioner: | For the Respondent: |
|---|---|
| JOHN COVINGTON, *Pro Se* | JOHN M. CASTELLANO |
| # 98-A-7353 | JILL ALISON GROSS MARKS |
| Shawangunk Correctional Facility | Assistant District Attorneys |
| P.O. Box 700 | Queens County District Attorney |
| Wallkill, NY 12589-0750 | 125-01 Queens Boulevard |
| | Kew Gardens, NY 11415 |

**BLOCK, Senior District Judge:**

In September 2002, John Covington filed a petition for writ of habeas corpus challenging his New York state court robbery conviction. This Court denied his petition on December 24, 2003. Covington unsuccessfully appealed to the Second Circuit and subsequently unsuccessfully petitioned for a writ of certiorari with the United States Supreme Court. In March 2016—more than a decade after litigating his first habeas petition—Covington requested the Second Circuit grant him leave to file a successive habeas petition, which the Circuit promptly denied. Pursuant to Federal Rule of Civil Procedure 60(b), Covington now moves to vacate this Court's December 2003 decision

denying his habeas petition. For the following reasons, Covington's motion is DENIED.

Rule 60(c) instructs litigants about the appropriate timing for Rule 60(b) motions to vacate: "A motion under Rule 60(b) must be made within a reasonable time--and for [subsections] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In his motion, Covington argues the December 2003 decision should be vacated under Rule 60(b) subsections (2), (4), and (6). Thus, his first rationale for vacatur—that, pursuant to subsection (2), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" warrants relief—is untimely because it was raised "more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

Rule 60(b) subsections (4) and (6) are not subject to a strict one-year limitation, but any motions pursuant to those subsections "must be made within a reasonable time." Fed. R. Civ. P. 60(c). To determine whether such a motion was made within a reasonable time, "we look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace v. Leumi Trust Co.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006) (quoting *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Here, Covington alleges that he did not receive material necessary for his direct appeal and habeas petition. However, he largely fails to specify which material he did not receive; when he does specify which materials were allegedly withheld from him, he admits to eventually receiving those materials in 2010. Covington fails to explain why he did not

move to vacate between 2010 and 2016.  In contrast to his insufficient reasons for delay, there is a great interest in finality in this case: Covington has directly and collaterally attacked his conviction in both state and federal court for over a decade to no avail.  Thus, Covington's motion under subsections (4)[1] and (6) is untimely.

Even assuming Covington's motion was filed "within a reasonable time," Fed. R. Civ. P. 60(c), it nonetheless fails on the merits.  Each of Covington's arguments challenge his underlying state court conviction rather than this Court's December 2003 decision denying habeas relief.  In this way, he attempts to "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

For the aforementioned reasons, Covington's motion to vacate is DENIED.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
January 13, 2017

---

[1] The Court notes that, while "it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time," the Second Circuit has said that a motion under Rule 60(b)(4) can indeed be untimely.  *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997) (internal quotations omitted).